UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RIMA MIZYED,

    Plaintiff,

v.

MYISHA BURKS,

    Defendant.

Case No. 16-cv-02257-JCS

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Plaintiff Rima Mizyed brought an unlawful detainer action in state court against Defendant Myisha Burks. Defendant, proceeding pro se, removed the case to this Court. *See* Notice of Removal (dkt. 1). Defendant is hereby ORDERED to show cause why this case should not be remanded to the California Superior Court, by filing a brief no later than **May 16, 2016**, and attending a hearing on **May 20, 2016 at 2:00 p.m.** in Courtroom G of the San Francisco federal courthouse at 450 Golden Gate Avenue.

## II. ORDER TO SHOW CAUSE

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of

showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Defendant's Notice of Removal invokes federal question jurisdiction. *See* Notice of Removal ¶10.[1] Federal question jurisdiction under § 1331 encompasses civil actions that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (citations omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A federal question must arise from the complaint—it is "settled law that a case may not be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393.

Here, the Complaint alleges only violations of California state law. Defendants' Notice of Removal states that a "[f]ederal question exists because Defendant's Answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." Notice of Removal ¶ 10. Even if that is so, a federal defense presented in the Answer provides no basis for removal. *See Caterpillar*, 482 U.S. at 393.

Accordingly, Defendant is hereby ORDERED to show cause why this case should not be remanded to the California Superior Court for the County of Alameda, by filing a brief not to exceed ten double-spaced pages **no later than May 16, 2016.** A hearing will occur on **Friday, May 20, 2016 at 2:00 p.m.** in Courtroom G, located on the 15th floor of the federal courthouse at 450 Golden Gate Avenue, San Francisco, California. Defendant is required to attend in person. If Plaintiff wishes to appear, he may do so in person or by telephone. If Plaintiff wishes to appear by telephone, he should contact Ms. Karen Hom, Courtroom Deputy, who may be reached at (415) 522-2035, no later than **May 18, 2016** to provide a telephone number where he can be reached at

---

[1] Defendants have not invoked federal diversity jurisdiction under 28 U.S.C. § 1332, and there is no indication that diversity jurisdiction applies. All parties appear to be citizens of California.

2

the time of the hearing.  Telephonic appearances should be made via a land-line and not a cellular telephone.

## III.   CONCLUSION

For the reasons discussed above, Defendant is ORDERED to show cause why this case should not be remanded for lack of federal jurisdiction.  **If Defendant fails to comply with this Order, the case will be remanded to California Superior Court and Defendant may face monetary sanctions.**

Defendant is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office.  Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: May 2, 2016

JOSEPH C. SPERO
Chief Magistrate Judge

3